NO. 7619

COURT OF APPEAL

PARISH OF ORLEANS.

—————

ASTEC LAND COMPANY LIMITED

versus

JOHN F. DUPUY.

7619

—————

By Dinkelspiel. J.

SYLLABUS.

Act No. 107 of the year 1898, which is an act to amend and re-enact Article 3519 of the Regised Civil Code of 1870.

Article 3519. "If the plaintiff, having made his demand, abandons or discontinues it, the interruption, shall be considered as having never happened. When the plaintiff having made his demand at any time before obtaining final judgment allowes five years to elapse without having taken any steps to the prosecution thereof, he shall be considered as having abandoned same."

In the case of the City of New Orleans vs the New Orleans Jockey Club, 129 La. P. 64, at page 65, the syllabus reads:

"Under act 107 of 1898, a suit is considered abandoned when, at any time before obtaining final judgment, the plaintiff allows five years to elapse without taking any steps towards its prosecution, and when such suit pending is in this Court on appeal may be dismissed."

At pages 73 and 74, same case, on motion to dismiss, the Court goes on to say:

"In July 1904 the City of New Orleans, instituted the above entitled suit in the Civil District Court, praying for the expropriation of said property, and obtained an in-

junction part; and thereafter, there was a judgment for defendant maintaining an exception of no cause of action, and dismissing the suit. Plaintiff appealed.

The transcript was filed in this Court on November 9, 1904.

On December 5, 1904 there was judgment overrulling a motion filed by the defendant to dismiss the appeal and on March 31, 1905 the case was called and continued indefinitely; sinche which time nothing further has been done. Defendant now moves that the appeal be dismissed on the ground that under act 107 of 1898, the case is considered as having been abandoned. The/legal representatives of the defendant have appealed and give this Court to know and be informed that they do not consent, but on the contrary object to, and protest against the dismissal of the appeal herein, on the ground alleged.

The statute referred to in the motion amends and re-enacts C. C. 3519, so as to make it read:
Art. 3519. If the plaintiff in this case, after having made his demand abandons or discontinues it, the interruption shall be considered as never having happened. When the plaintiff having made his demand, shall, at any time before obtaining final judgment, allow five years to elapse without taking any steps towards the prosecution of his suit, he shall be considered as having abandoned same and at the order of xxx representative of the defendant, suit can be dismissed.

In the case of Lockhart vs. Lockhart, to be found in the 113 La. P. 872, the syllabus reads:

"Under Act 107, P. 155, of 1898, amending and re-enacting article 3519, Civil Code 1870, a suit is considered abandoned when, at any time before obtaining final judgment plaintiff allowes five years to elapse without taking any steps in its prosecution, and on instructions from defendant

c

can be stricken from the docket or dismissed.

Also see same case at page 874.

In the 11 Court of Appeal page 288, State ex rel Yazou & Mississippi Valley Railroad vs. Edrington, Judge, Court holds the same doctrine.

And in the case of Teutonia L. &. B..Company' vs Connelly, the Court reiterates what had been heretofore decided in the like cases.

In the 130 La. page 791, Howcott vs/ Petit, the same doctrine was reiterated by the Court.  138/nh 447-444.

In the case of Barton vs. Burbank, the syllabus reads:

"Of act 107 of 1898, which provides that a plaintiff is to be considered to have abandoned suit when he allowes five years to elapse without taking any steps in its prosecution could properly be applied in a case where a seizure under executory process is stayed by injunction and the judg' delays his decision for five years after the submission of the matter, such application would result in a judgment to the effect that plaintiff in injunction had abandoned his suit, and hot plaintiff in seizure, the execution of whose judgment was enjoined, but in such case the statute mentioned is inapplicable to either litigant, since, having submitted their case to the judge, they should not be held responsible for his delay in the discharge of his duty; the idea of the statute being to hold a plaintiff responsible for dalay, attributable to his nonaction in and failure to prosecute his suit up to the point at which the court is placed in a position to render judgment.(Authorities noted.). Judgment reversed.

The issues involved in this case present the following facts:
The Aztec Land Company, Limited, asserts, that on October ,
30th. 1902, they purchased with the right to be sent into
possession thereof, by exparte writ of seizure and possess-
ion from the State of Louisiana, thru W. S. Frazee, State
Auditor, acting by virtue and pursuant to the provisions of
Act No. 80 of 1888, as amended by Act 126 of 1896, the fol-
-lowing desc ripbed property. Then follows a description
of the property which consists of four certain lots of
ground, in the Second District of the City of New Orleans,
square No.569, bounded by Bayou St. John, Dumaine, St.
Philip and Genois Streets, the last lots measuring 121
feet front on Bayou St. John, by 150 feet in depth; more
fully described in the Auditor's Deed, annexed to and made
part of the petition.

That they desire to be sent into possession of said prop-
-erty by exparte writ of seizure and possession as provided
by Section 5 of Act No. 80 of 1888; claiming the value of
the property in question to be worth two hundred dollars.
Their prayer is that the ex parte writ of seizure and
possession may be issued herein, directed to the Civil
Sheriff, commanding him to seize and place petitioner in
possession of said property in pursuance to the provisions
of Section 5 of Act No. 80 of 1888, and also prays for costs
and general relief.

The deed of the Auditor is annexed to
and made part of the petition.

This suit was filed May 24th, 1904.
On the 14th of June of the same year, one John F. Dupuy
alleges that he was served with a written notice notifying
him that by virtue of a writ of seizure and possession
directed by the Honorable, the Civil District Court for the

583

Parish of Orleans, he would within the legal delays seize and take possession of the property aforesaid, claiming and alleging that he is not in possession of any such lots, he is not in possession of any property in any such square as bounded by Bayou St. John, Dumaine, St. Philip and Genois Streets, that there is no such square in New Orleans, and there is no street at St. Philip and Genois Streets. That he avers that he does own a certain piece of property fronting on Bayou St. John on the North west open bank adjoinging the property of Arthur Blanc, which property measures 119 feet on said Payou St. John front, and 170 feet in depth on the side nearest the property of Arthur Blanc and 150 feet more or less also in depth on the other side, said piece of property forming a perfect triangle, but that said property is not bounded by any of the streets mentioned in the Sheriff's notice, and averring further that if for any reason which he does not at present ascertain it should be decided that the property of petitioner which he has described as the same as that claimed by the Aztec Land Company, then the same does not belong to the Aztec Land Company for the reason that the State of Louisiana never had a title to it, that none of the formalities prescribed by law ever having been fulfilled in the seizure, notice and advertisement and sale to the State of Louisiana by the Tax Collector in 1885, and for the further reason that said property was sold by the Tax Collector on the 13th of May 1887, adjudicated to L. W. Hammond, whose title is still of record, and he annexes notice of seizure, plan of the property claimed by him, his prayer is that an injunction issue herein prohibiting the Civil Sheriff from seizing and taking possession of a certain lot of ground situated in the Parish of Orleans on the northwest bank of Bayou St. John adjoining the property of Arthur Blanc, measuring 119 feet front on said Bayou, 170 feet in

depth on the side nearest the property of said Arthur Blanc and 150feet or more in depth on the other side; that the Land Company through J.G.Emanuel, its President, be cited after due proceedings, the injunction be made perpetual, for costs and for general relief.

The petition was sworn to by Dupuy on the 11th of June, 1904, and the order of the Judge follows:-

"Let as within prayed for, the writ of injunction issue herein, on petitioner giving bond, conditioned as the law directs, in the sum of one hundred dollars. New Orleans, June 14th, 1904. Signed: Fred D. King Judge acting for T.C.W.Ellis, Judge."

The bond for the amount required by the Court was duly executed on the same day and the injunction issued as prayed for.

On October 17th, 1904, the Aztec Land Co., Ltd., made defendants in the injunction suit filed by John F. Dupuy excepts to the petition in said suit, and shows that the same discloses no cause of action against exceptor, therefore prays the exception be maintained, suit dismissed, with costs, and for general relief.

Answer was filed following the exceptions on the 31st of May, 1905, wherein the Land Company made defend ant in injunction denies all and singular the allegations thereof, except insofar as same may be admitted. Further answering avers that it purchased from the State of Louisiana, through Frazee, Auditor of Public Accounts, acting by virtue of and pursuant to the provisions of Act No. 80 of 1888, as amended by Act No. 126 of 1896, on October 20th, 1902, with the &x &xtaksx & rightto be sent in possession thereof by an ex parte writ of seizure and possession from this court; then follows the description of the property claimed in the original proceeding.

585

Going on further answering, the Land Company, alleges that said property was bid in and adjudicated to the State pff Louisiana for the deliquent state tax for the year1883, with interest, penalties and costs, assessed in the name of Robert Simon, by Charles Cavanao, State Tax Collector for the Second or lower district of the City of New Orleans, on January 31st, 1885, at an offering thereof by said Tax Collector under acts No. 16 of 1882. The sale took place at the front door of the building in which the Civil District Court for the Parish of Orleans was held, and on February 4th, 1885, said tax collector appeared before A.A.Kerr, then a notary public of this city, and executed an act of sale of said property to the State of Louisiana in the notarial form, which act of sale was registered in the Conveyance Office on May 28th, 1885, in book 132, folio 519.

That said property was forfeited to the State of Louisiana for the delinquent state taxes for the years 1871 to 1877 inclusive under the revenue laws of the years 1871 to 1877 respectively, and having been separate forfeitures for each of said years from 1871 to 1877 inclusive, as will appear from the lists of delinquent State tax payers, on file in the office of the auditor of Public accounts, Register of Conveyances and the Recorder of Mortgages. And that the taxesfor said years, or any of them, were not paid prior to said forfeitures, not has said property ever been redeemed from said forfeitures or any of them. That respondent and its author in title had possession of said title for thirty years, under and by virtue of said tax sale and forfeiture, and that its title thereto has been quieted by the prescription of three years, as provided under Article 233 of the State Constitution of 1898. And that respondent pleads said prescription in bar of said action. Prays that suit may be dismissed and the injunction dissolved, for costs and for general relief.

586

This matter rested from that time until June, 8th. 1915, when Duguy, alleges in his supplemental and amended petition, " that at the time of his purchase of the property claimed by him herein, , he took possesion of the triangular piece of ground having a greater length on two of the line of the triangle, and a smaller amount on the other line, decribed in sale to petitioner. That said triangle is enclosed between the fence exisiting at the time was transferred to him by the heirs of Pobert Simon and wife as the property described in the deed of sale, and your petitioner has been in contineous, uniterrupted and unequivocal possession thereof, ever since his purchase thereof, April 30th. 1900. That his vendor has been in the same qualified possession t thereof since 8th. September, 1859.

That in addition to the nullities avered to the title of the Aztec Land Company and to the fact that your petition -er does not believe the Aztec Land Company's title to be to the same property, your petitioner avers, that said Land Company's title is null and void giving the following reas- ons.

1- That it was not in the power of the State Auditor to have sold said property unless same was readvertised for sale by the State Tax Collector under Act 80 of 1888; that said advertisements and offer for sale never took place.

2- That it was the duty of the State Tax Collector if he had authority to make said sale to have sold the same to any person offering to pay the price fixed by the Legisla- ture, and that your petitioner in order to avoid any possi- -ble dispute and litigation, and simply for the purpose of protecting himself against litigation, did on the 18th. day of December, 1899, deposit with John Brewster the sum of $43.13, for the purchase of said property, and on the 14th. day of February 1900, said Brewster returned .

the amount so deposited to petitionerbecause no deed could be obtained from the Auditor; that previous to the said deposit in the hands of Brewster, your petitioner had agreed to purchase the property from  the heirs of Robert Simon and wifee.

The prayer is that the supplemental and amended petition be filed, that the Aztec Land Co. Limited, be cited hereto, and after due proceeding had that the Injunc tion herein issued be made perpetual so as to include the triangular space of ground measuring  24⅓ – 5  –  4- front on Bayou St. John, 116-1-5- at the base of the triangle and 246- -8-10- on the third line of the triangle, and for all general relief. The petition was sworn to on the 5th. of In June, 1905.

On the 8th. of November, following, 1905, now pro tunc, the Aztec Land Co. Limited, made defendant in the Injunction herein filed an exception to the supplemental and amended petition of John F. Dupuy, plaintiff in injunction, and showed; that Dupuy was estopped from questioning xx exceptors title to the property in c ontest  by reason of his conduct as setforth in the original and supplemental petition. That said supplemental and amended petition taken in conjunction with the original petition  discloses no cause of action against exceptor.

The prayer was, that the suit of John F. Dupuy be dismissed at his costs and for gener"l relief.

Following, October, 27th. 1905; motion was filed by the Attorney for the Company and William H. Howcott, defendants in the injunction suit herein, and on suggesting to the Court, that the default against said Howcott taken herein, on October 25th. 1905. was wrongfully taken, as there was pending at the time and exception to the supplemental and amended petition of the plaintiff in injunction which has never been tried or otherwise disposed of. Servic e was made on the 28th. October, 1905.

In the same suit between the same parties, prayomg for a confirmation , Dupuy represents. , that the Aztec Land Co. on the 24th. of May, 1904, obtained a writ of seizure and possession against the property owned by petitioner, that said cause was partialily tried, but no final judgment was ever rendered on the merits of said cause. That petitioner remaining in possession of said property has been paying state and city taxes thereon regularly.

That on the 10th. October, 1912, the Aztec Land Co. thru its Attorney moved the Court to dismiss the injunction suit, on the ground that five years had expired and that the said suit had been abandoned which was not true, that said judgment was signed on the same day, October, 10th. 1912. That this judgment is null and void having been rendered during vacation of the Court. Further, that it was rendered without notice to your petitioner, and that same should be set aside and annulled. That in law the fiv e years of presc ription averred does not apply to this case ; it is only a matter of defence to the writ of seizure and possession; that the pres oription does not begin to run as long as the writ of seizure and possession remains in Court; that your petitioner has been in actual, corporal possesion of the property sought to be taken away from him and as long as his possession continues prese ript-ion is interrupted.

Alleging further, that he acquired said property by Act under priv ate signature from Palmyra Simeon and oth--ers on the 30th. April,1900, that the property involv ed in the writ is described as four squares, lots o f ground and improvements thereon, in the second district of this City, in square 469, bounded by Bayou St. John, Dumaine, St. Philip and Genois Streets, the lots measuring, 131 feet on Bayou St. John, by 150 in depth. And furthor alleging, that the strees named Genois and St. Philip are not open, and if

are not open, and if St. Philip and Jenois Streets were open there was not as much depth as 150feet; alleging further, that even if the property as above set forth is intended to be scovered by the description mentionedd in the writ of seizure and possession, then he avers that the State of Louisiana never had a title to same, none of the formalities prescribed by law having been fulfilled in the notice of sezure, advertisement and sale of the State by the State Tax Collector in 1885.

He further avers, that said property, never belonged to Robert Simon to whom it was assessed, no proper notices was ever served, and the post office notice never gave originally that designation, and that the petition for injunction and the supplemental and amended petition are made part hereof. He mxx prays that the original injunct -ion issued, prohibiting and enjoining the Civil Sheriff. from proceeding any further with the execution of the writ of seizure and possession issued by the Aztec Land Co., that they be cited, and after due proceedings the exparte judgment rendered on 10th. October, 1912, be declared null and void , that the title of the State of Louisiana to the property owned by petitioner be set aside and annul- -led, and he prays for general relief,.

This petition was sworn to on the 15th. day of January, 1915, by John F. Dupuy, and an order issued, as follows;- "Let as prayed for a writ of injunction issue on petitioner giving bond in the sum of $100.00." Signed, T. C. W. Ellis, Judge..

The bond was executed on 15th. January, 1915, and the writ of injunction, restraining and enjoining plaintiff was issued on the same day.

On the 25th. January, 1915, the Aztec Land Co. made defendant in the injunction suit filed herein by Dupuy, on January, 15th. 1915, answered the petition, and shoed,

first, a general denial, then asserting, that on the 10th. October, 1912, the Aztec Land Co. thru its Attorney moved the Court to dismiss the injunction suit pending at the **time** time between Dupuy and the Land Company, on the ground, that five years had expired , that this suit had been abandoned, and judgment was signed on the same day, October, 10th. 1912.

Further answering, respondent avers, that the injuncti -ion suit dismissed by said judgment discloses the same cause of action as setforth in the injunction suit filed January, 15th. 1915; the judgment in the former is con- -clusive evidence of the abandonment of the cause, and said plaintiff in injunction has no longer any right of action in the premises, as to which fact said judgment is pleaded as res adjudicata. Then goes on the reiterate, as in its original petition, all the allegations set forth, and fin- ally, that this injunction be vacated, set **aside**, and the suit of Dupuy be dismissed at his cost, and that petition- er have judgment recognizing it as the sole owner of the said herein above described property, in perfect ownership, and for costs and general relief. This petition was sworn to on the 22nd. January, 1915.

Again, we find a supplemental and amended petition of John F. Dupuy, filed 6th. January, 1916, under the same title. Alleging that on the 24th. May, 1914, judgment was rendered and signed by this Honorable Court, ordering a writ of seizure and possession to issue against petitioner; that on the 14th. June, 1904, your petitioner enjoined the execution of said judgment; that on 10th. October, 1912, by exparte motion, judgment was rendered dismissing the injunction suit as abandoned. Then goes on to recite that ten years has elapsed since the rendition of said judgment, the same was not revived, therefore prescription of ten years having been acquired, the writ of possession fell

591

fell with the prescription of the judgment. That the sus-
-pension of prescription ceased on the 24th. May, 1914.
Alleging further, that the second injunction was sued out
on 15th. January, 1915 after the acquisition of prescrip-
tion, and he pleads the prescription of ten years.

He goes on further to allege, that he is in possession,
a tax payer of the City of New Orleans and the State of
Louisiana, and that the title executed by the State Auditor
was in violation of the Act 126 of 1896, and if this is
maintained the State of Louisiana would loose her taxes on
the property sought to be recovered, which will tend to
increase the burdens of your petitioner. That therefore
he is entitled to set up the nullity of the deed made by
the State Auditor to the Aztec Land Company, Limited, being
in direct violation of the terms of Act 126 of 1896, which
requires the payment of all of the taxes, interest and
costs due to the State of Louisiana as the fixed purchase
price to be paidby the purchaser. Further, that the Auditor
was without power to sell property adjudicated to the State
unless same had been readvertised and no bid obtained. He
therefore prays, that this supplemental petition be filed,
the prescription of ten years be maintained, the Auditors
title to the Aztec Land Company, Limited, to the property x
in litigation be declared null and void, and further prays
for general relief. This was sworn to by Dupuy on the 5th.
January, 1916 1916.

We have thus detailed all the pleadings in this cause
pending since 1904, both by way of petition for possession
and the various writs of injunction which have issued.

The Court a quo set aside the judgment by default in
favor of the Aztec Land Company, Limited, and we are met
at the threshold with the question, whether or not, under
the Act of the Legislature of 1898, being Act No. 107 of th
that year, which Act is an Act to amend and reenact Article

592

3519 of the Revised Civil Code of 1870.

Article 3519;-

> " If the plaintiff, after having made his
> "demand, abandons or discontinues it, the
> "interruption shall be considered as hav-
> "-ing never happened. When the plaintiff
> "having made his demand shall at any time
> "before obtaining final judgment allow five
> "years to elapse without having taken any
> "steps in the prosecution thereof he shall
> "xxx be considered as having abandoned the
> "same".

This question has been adjudicated and passed upon by our Supreme Court in various cases, amongst them the case of the City of New Orleans -vs- New Orleans Jockey Club to be found in 128 La. page 64. At page 65 the syllabus reads;

> " Under Act 107 of 1898 a suit is considered
> abandoned when, at any time before obtaining final
> judgment, the plaintiff allows five years to elapse
> without taking any steps in its prosecution, and, where xxi
> such suit pending is in this Court on appeal may be dis-
> -missed".

At pages 73 and 74, same case, On motion to dismiss, the Court goes on to say;-

> " In July, 1904, the City of New Orleans instituted
> instituted the above entitled suit in the Civil District
> Court, praying for the expropriation of certain property,
> for park purposes, and obtained an injunction whexxxhyx
> whereby the defendant company, which was alleged to be in
> possession, was inhibited from laying off race courses,
> destroying trees, digging wells, etc. thereon. The judge
> a quo made an order permitting the defendant to bond the
> injunction in part; and thereafter, there was a judgment
> for defendant, maintaining an exception of no cause of
> action and dismissing the suit, and plaintiff appealed.

The transcript was filed in this court on November 9,1904. On December 5, 1904, there was judgment, overruling a motion, filed by defendant, to dismiss the appeal;and on March 31, 1905, the case was called and continued indefinately, since which nothing further has been done..

"Defendant now moves that the appeal be dismissed on the ground that under Act 107 of 1898 the cause is consider -ed as having been abandoned. The legal representatives of the defendant have appeared and "give this court to know and be informed that they do not consent, but, on 'e contrary, object to, and protest against, the dismissal of the appeal herein on the ground alleged.

The Statute referred to in the motion amends and re-enacts C. C, 3519, so as to make it read:

" Art. 3519. If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as never h aving happened. Whenever the plaintiff, having made his demand, shall, at x any time before obtaining final judgment, allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same". Appeal dismissed.

In the case of Lockhart vs. Lockhart, to be found in 113 La, Rep. p. 872, the syllabus reads:-

"Under act 107, p. 155, of 1898, amending and re-enact -ing article 3515, Civ. Code 1870, a suit is considered abandoned when, at any time before obtaining final judg- -ment, the plaintiff allows five years to elapse without taking any steps in its prosecution, and, at the suggestion of any party in interest, it may properly be stricken from the docket or dismissed."

At page 874, in the body of the decision, the court goes on to say;-

" The amendment, therefore, consists of a distinct clause declaring under what circumstances a suit shall

be considered abandoned. It was unnecessary to declare under what circumstances a suit should be considered discontinued, because it is commonly under stood that such a wresult is accomplished when the plaintiff appears in court and xxxx voluntarily withdraws it;but the matter of abandonment was one of interruption, depending upon circumstancese and conduct, and subject to no fixed rule. It was thereforee, as we think, the purpose of the General Assembly to substitute certainty for uncertainty, and, it being known when a suit is no longer pending in a court because of its having been discontinued, to make it known when it is no longer pending in court because of its having been abandoned."

This court, in the 11th Court of Appeal, page 288, in State ex rel Yazoo & Mississippi Valley Railroad versus Edrington, Judge, in its syllabus, says:-

"A step in the prosecution of a suit, within the meaning of Act 107 of 1898, requires some formal move before the court intended to hasten judgment."

Quoting the case of the City of New Orleans versus Jockey Club and Teutonia &aiamia vs. Connelly, 133 La., and 63 Southern Reporter, page 63 . The Court goes on to say:-

"It is perfectly clear that there can be no uncertainty whatever, that a plaintiff had no intention of abdx abondoning his suit, if he had actually taken some formal steps before the court in connection therewith, it follows that the whole uncertainty grew out of things done informally and out of court. Hence it was, this species of uncertainty is what the Legislature meant to eliminate."

The case referred to by the Court of Appeal, Teutonia L & B Co., versus Connelly, the court reiterates what was previously decided in cases referred to in this opinion and affirms the same doctrine, qupting numerous authorities. In the 130 Louisiana, Howcott vs. Petit,

the same doctrine was announced.

The plea of prescription of five years under Act 107 of 1898, on the ground that after obtaining his order for possession the Aztec Land Company taking further steps in his suit is not well founded.  The Act has no application to this case.

The order he has obtained was the equivalent of a final judgment, just as the order of seizure issues in a petition for executory process. The Act applies to a plaintiff who having filed a suit and prays for judgment remains quiescent for five years before ik obtaining final judgment. The decree for executory process is so far a judgment that an appeal lies from it. The only plaintiff in the case was the Aztec Land Company, whose petition was equivalent to an action to set aside a tax sale for previous illegalities. In the 2nd Annual, page 490, Chambliss, Executor, vs. Atchison, the court goes on in the following language:

> "Interventions take place in suits &x an order of
> seizure is not a suit. All the proceedings allowed
> under it are summary, and parties are not permitted
> to embarrass the administration of summary justice
> with matters enpais having no connection with the
> main issue; nor can they inthat manner deprive the
> parties of the order of seizure ái x wxix to the
> right to contest their claims in the ordinary forum
> and to have them tried before a jury. Courts of
> justice are open to the intervenors in this case
> for the enforcement of their rights in a direct
> action, but this unusual complication of suits should
> be discouraged as tending to create endless confusion"

So that the motion of prescription of five years in behalf of Duguy and against the Aztec Land Co. to dismiss the Com-pany's case for the reasons given and the authorities cited, can not prevail; on the contrary, we decide, that the

injunction suit filed in 1904 originally lying dormant over ten years under the Act 107 of 1898 must prevail. More than five years having elapsed from the time of the issuance of the original injunction and the trial of this cause in the court a quo. Also see the case of Barton vs. Burbank, 138 La. pages 997-999.

We have most carefully examined and re-examined this cause; it was argued and briefed in this court in the latter part of the term; vacation ensued; the case was re-fixed, re-argued and elaborate and able briefs were filed in behalf of both parties in this contest.

If we decide on the merits of this controversy there can be no doubt that plaintiff in injunction has not made out his case; on the contrary all the facts and the la w are with the Aztec Land Co., Ltd.

It is therefore ordered adjudged and decreed that the judgment of the lower court maintaining the injunction and dismissing the suit of the Aztec Land Co., Ltd., is annulled, avoided and reversed,and that there now be judgment in favor of the Aztec Land Co., Ltd., as prayed for, dismissing the injunction and quieting said company in its title to the land in question, with costs.

Judgment reversed.